UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | No. 6:10-CR-02-DCR-HAI-1 |
| Plaintiff, ) | |
| ) | |
| v. ) | RECOMMENDED DISPOSITION[1] |
| ) | |
| LARRY VAUGHN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

On September 30, 2024, Defendant Larry Vaughn appeared for an initial appearance on alleged violations of his supervised release. D.E. 243. Subsequently, defense counsel Kathryn Ann Walton filed multiple motions to continue Defendant's final hearing, noting "difficulty engaging in meaningful communication" with her client. D.E. 245; D.E. 247; D.E. 249. In the third motion to continue, defense counsel summarized her concerns with Defendant's competency, explaining:

> Counsel reported in previous motions that Vaughn was having difficulty engaging in meaningful communication regarding his scheduled final hearing. Counsel informed this Honorable Court of the defendant's clear distress and emotional dysregulation. Counsel was under the impression that the defendant's detox from his suboxone prescription was the source of the issue. . . . The defendant was unable to assist counsel [that day] due to his emotional and physical issues. The defendant cried several times during the meeting, was inconsistent in his thought process and jumped from one idea to the next. The defendant also informed that he is almost blind now and referenced other physical problems and his ongoing distress.

D.E. 249 at 1-2.

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds via recommended disposition, pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

On December 12, 2024, then-Chief Judge Reeves orally granted the motion to continue the supervised release proceedings generally and ordered that Defendant undergo a competency evaluation.  D.E. 251.  Defendant arrived at FDC Houston on February 19, 2025.  D.E. 255.

On March 13, 2025, the Court and parties received the resulting ten-page Forensic Evaluation ("the Report") from forensic psychologist Leslie Johnson, Ph.D.  The Court then conducted an in-person competency hearing in this matter, per 18 U.S.C. §§ 4241 and 4247(d), on March 31, 2025.  D.E. 260.

In the Report, Dr. Johnson opines that Defendant is competent to proceed.  D.E. 257 at 11.  At the final hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings.  The parties also waived introduction of other proof or argument and the right to examine or cross-examine the evaluator.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960).  To be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him."  *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense").  Section 4247(d) of 18 U.S.C. governs the competency hearing and assures certain trial-type rights.  These include the right to confront and cross-examine witnesses, and the right to participate in the hearing.  *See* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets

the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreement among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

At the final hearing, Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Johnson.[3] The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Johnson directly observed Defendant via interviews and subjected him to (1) the Minnesota Multiphasic Personality Inventory-3 and (2) the Revised Competency Assessment Instrument. D.E. 257. Dr. Johnson reviewed Defendant's federal and state court records, as well as his Bureau of Prisons psychological and medical records. *Id.* She spoke with attorney Walton and the prosecuting attorney. *Id.*

The Report diagnoses Defendant under the DSM-5 with Posttraumatic Stress Disorder, Antisocial Personality Disorder, and Severe Methamphetamine Use Disorder. *Id.* at 8. The

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

[3] Although not in dispute, the Court is endeavoring to obtain Dr. Johnson's qualifications to complete the record.

Report notes numerous instances of hospitalization following intentional self-inflicted injuries. However, it explains Defendant denied any suicidal ideation; rather he claimed the behavior was intended to seek attention and change institutions. *Id.* at 4.

While it is clear that Defendant's diagnoses have certain effects, they do not interfere with his ability to understand the nature of the charges in this case. The Report notes that Defendant does not suffer from a disorder that impairs his ability to understand the nature and consequences of the proceedings against him or his ability to assist counsel in his defense. *Id.* at 11. Dr. Johnson found Defendant "adequately understood the roles of the courtroom personnel, courtroom procedures, circumstances and facts of his criminal case, the strength of potential incriminating/mitigating evidence, and possible outcomes if he accepts a plea bargain, or proceeds to trial."[4] *Id*. The Report explains that Defendant was able to communicate logically and coherently about his case, demonstrating he is capable of collaborating with counsel to assist in his defense. *Id.*

At the final hearing, defense counsel did not present evidence to contradict the Report. She stated that her observations of Defendant since his return to the Eastern District of Kentucky have been consistent with the Report. Based on defense counsel's observations, as well as the Court's observations of Defendant's behavior during the competency hearing, it is clear that the conclusions in the Report are well-founded.

In the Report, Dr. Johnson accurately applied the *Dusky* standard as codified in 18 U.S.C. § 4241(a) to determine that Defendant is competent. D.E. 257 at 11. The Report unambiguously supports a finding that both prongs of the Dusky competency test are met in this case, and its conclusions are unrebutted. The Court also observed and interacted with Defendant at his

---

[4] While Defendant is currently undergoing supervised release violation proceedings, an understanding of the trial process generally shows comprehension of the criminal legal process.

competency hearing. Defendant was composed throughout the proceedings and understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. Per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning the right to appeal to the District Judge. As discussed at the final hearing, any objection must be filed within **THREE DAYS** after entry. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of the objections period, this matter will be referred to Judge Reeves for his consideration.

This the 2nd day of April, 2025.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge

5